

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-5643
Re: Shall the Amarillo College,
Amarillo, Texas, receive the
State money allotted to junior
colleges at the rate of $50.00
each 15 semester hours carried
for the students, in the course
of Bible?

We acknowledge receipt of your letter of recent date to which you attach a letter from Mr. Ernest C. Shearer, Acting President of Amarillo College, which letter reads as follows:

"For the first time this year we are offering a non-sectarian course in Bible. It is our understanding that no money received from the State can be used to pay a teacher in this course, and we have made other arrangements.

"However, the question has arisen as to whether or not we shall receive the State money allotted to junior colleges at the rate of $50 for each 15 semester hours carried for the students in this Bible course. It has been my understanding that we can list any course for which we give college credit and for which we are collecting our regular tuition. Is this Bible course an exception to this ruling?"

In reply to the above we quote from Opinion 0-5037, as follows:

"It is well known that one of the causes of the Texas Revolution was the enforced national religion of the Republic of Mexico. As a consequence, certain provisions were included in our Constitution to divorce the church from the State and to guarantee absolute religious freedom. Sections 6 and 7 of our Bill of Rights (Article I

of the Texas Constitution) read respectively as
follows:

"'Sec. 6.   All men have a natural and in-
dependent right to worship Almighty God ac-
cording to the dictates of their own con-
sciences.  No man shall be compelled to attend,
erect or support any place of worship, or to
maintain any ministry against his consent.
No human authority ought, in any case what-
ever, to control or interfere with the rights
of conscience in matters of religion, and no
preference shall ever  be given by law to
any religious society or mode of worship.
But it shall be the duty of the Legislature
to pass such laws as may be necessary to pro-
tect equally every religious denomination in
the peaceable enjoyment of its own mode of pub-
lic worship.'

"'Sec. 7.   No money shall be appropriated,
or drawn from the Treasury for the benefit
of any sect, or religious society, theologi-
cal or religious seminary; nor shall property
belonging to the State be appropriated for
any such purposes.'

"Section 5 of Article VII, Constitution of Texas,
provides, in part, as follows:

"'. . . And no law shall ever be enacted
appropriating any part of the permanent or
available school fund to any other purpose
whatever; nor shall the same, or any part
thereof ever be appropriated to or used for
the support of any sectarian  school; ....'
See also Article 2899, R.C.S.

"The provisions were before the Supreme Court
of Texas in the case of Church et al.  v. Bullock
et al., 109 S.W. 115.  In that case it was held in
effect that the holding of morning exercises in the
public schools which consisted of reading by the
teacher without comment of non-sectarian extracts
from the Bible, and the singing of appropriate songs,
in which the pupils were invited but not required to
join, was not objectionable under the above quoted
provisions of the Constitution.  See also Pfeiffer v.
Board of Education (Mich.), 77 N.W. 250; People ex rel.
Vollmar v. Stanley (Colo.), 255 P. 610; Hackett v.

Brooksville Graded School Dist., (Ky.), 87 S.W.
792; Stevenson v. Hanyon, 7 Pa. Dist. R. 585. How-
ever, the court emphatically stressed the point
that the exercises were non-sectarian in charac-
ter. We quote the following from the opinion of
the court:

"'. . . It was the purpose of the Consti-
tution to forbid the use of public funds for
the support of any particular denomination of
religious people, whether they be Christians
or of other religions.'

"Therefore, exercises which would include any
expression representing the peculiar or distinctive
view or dogma of any sect or denomination would not
be non-sectarian. Such exercises would be in vio-
lation of our Constitution."

We quote the following from the opinion of Judge Brown,
of the Supreme Court, in the case of Church v. Bullock, supra:

"There is no difference in the protection
given by our Constitution between citizens of this
State on account of religious beliefs --all are
embraced in its broad language, and are entitled to
the protection guaranteed thereby; but it does not
follow that one or more individuals have the right
to have the courts deny the people the privilege
of having their children instructed in the moral
truths of the Bible because such objectors do not
desire that their own children shall be partici-
pants therein. This would be to starve the moral
and spiritual natures of the many out of deference
to the few, . . . . ."

Mr. Shearer states that the course offered is nonsec-
tarian, and based on that statement, it is our opinion that there
is no exception in the law with respect to Bible courses.

Very truly yours
ATTORNEY GENERAL OF TEXAS

By s/C. F. Gibson

CFG:s:wc

C. F. Gibson
Assistant

APPROVED NOV 8, 1943
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

This Opinion Considered And Approved
In Limited Conference.